# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

JERMAINE DRAYTON,

    Plaintiff,

v.       CIVIL ACTION NO.: CV210-048

BRUNSWICK POLICE DEPARTMENT;
Officer ARMSTRONG; and Chief
of Police EDNA JOHNSON,

    Defendants.

## MAGISTRATE JUDGE'S ORDER AND REPORT AND RECOMMENDATION

Plaintiff, who is currently being detained at the Glynn County Detention Center in Brunswick, Georgia, filed an action pursuant to 42 U.S.C. § 1983. A detainee proceeding against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A.

A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision of the PLRA "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998).

A review of Plaintiff's history of filings reveals that he has brought at least three civil actions or appeals which were dismissed and count as strikes under § 1915(g): (1) Drayton v. Durence, CV604-15 (S.D. Ga. April 5, 2004) (dismissed for failure to follow a Court order); (2) Drayton v. Glynn County Police, CV204-18 (S.D. Ga. April 19, 2004) (dismissed for failure to state a claim upon which relief may be granted); and (3) Drayton v. Brunswick Police, CV204-27 (S.D. Ga. Aug. 30, 2004) (dismissed for failure to state a claim upon which relief may be granted).

The Eleventh Circuit upheld the constitutionality of section 1915(g) in Rivera. In so doing, the Court concluded that section 1915(g) does not violate an inmate's rights to access to the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. Rivera, 144 F.3d at 721-27. Because Plaintiff has filed three previously dismissed cases which qualify as strikes under section 1915(g), Plaintiff may not proceed in forma pauperis in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g).

Plaintiff cannot claim that he should be excused from prepaying the filing fee because of the "imminent danger of serious physical injury" exception to § 1915(g). In order to come within the imminent danger exception, the inmate must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). As noted by the Court, "a prisoner's allegation that he faced imminent

danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute." Id.

Plaintiff asserts that the Brunswick Police Department came into the household of Nasiya Roberts without a warrant, found Plaintiff inside and told him they had a Felony Deposit Account Fraud Warrant on him. Plaintiff said the officers handcuffed him, searched him, and ran a warrant check. Plaintiff states that the check showed that he was clear of all warrants, but that he was still transported to the Glynn County Detention Center. Plaintiff said that once he was at the detention center, he was told that the warrant he had wasn't active and that it had to be put in manually in order to become active. Plaintiff asserts that he later found out that the warrant was for a misdemeanor and not a felony. Plaintiff claims that when he was arrested, he was not read his Miranda rights

Plaintiff has not shown how he was in imminent danger of serious physical injury at the time he filed his Complaint or at any time. Accordingly, the Court **VACATES** its March 23, 2010 Order. Plaintiff's request to proceed in forma pauperis is **DENIED**, and this case should be **DISMISSED**. If Plaintiff wishes to proceed with this action, he should be required to resubmit his complaint along with the full filing fee.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 26th day of April, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE